I understand that the attorney for the SEC is on video, on Zoom. Safe journey, Counsel. Safe journey, Counsel. And Mr. Govender? Nicely argued, Counsel. Where? Oh, yeah. Thank you. Good to see you. So, Mr. Govender, you can come up to the podium. And you've reserved one minute for rebuttal. Yes. So, thank you for allowing me to speak today. I consider it a privilege to be here. So, my case now is going on 10 years. And the chronology matters here, because in light of the jurisdiction and the maneuvering, the SEC in New Jersey, secondarily in light of Newman and Salmon, and by way of statute, and also by way of fact. So, on those four topics, I'll give you a little background. This case originated, and I was brought in to help out with the SEC's investigation. I never was employed by any of the other co-defendants. This case came to New Jersey civilly. I was never named in that action. Even though when you read the SEC complaint, it says that I was implicit in what the co-defendants were doing. Judgeship terminated the case after four years, and administratively terminated it. And given no case moving forward in New Jersey, the SEC then filed in the Southern District, given the reason that I lived in Manhattan at the time, as good reason. The fact is that none of the entities that were involved in any trading I was affiliated with, they were all affiliated with the co-defendants. They were all in other states. The SEC could not move their case in New Jersey because of judgeship, and decided to file in the Southern District, thereby naming me. I was never named prior. I was never named in any of the action by United States attorneys. I was an analyst at the time, and I was very proud of my analysis. I've included in the brief 40 pages of my analysis of the particular stock that the SEC is honing in on, out of several hundred, if not thousands, of trades that I consulted with other companies, including this one. There are certain material facts that the SEC blatantly lies. JA-17 is trying to link me to their insider scheme of front-running. There are 1.3 million documents and 50,000 emails that the U.S. Attorney in New Jersey uncovered. I was never named, only untold. There's a consent judgment. There is a consent judgment. So you consented. Yes, Your Honor, and it was a mistake. The SEC, with their maneuvering and booing, and I am an attorney at the time. It was never negotiated. Are you in favor of coercion? Absolutely, absolutely. So you want to undo this consent judgment? That's correct, Your Honor. It was never negotiated. There was never any time for any other evidence to the SEC. I was never served a wells notice, ever. You don't have to be served a wells notice. I understand. By law, you don't have to, but in almost every instance. And I'm an analyst by training. It took many years to build my reputation. And, you know, in terms of the SEC disclosing my name, they called me an Associate A. And by association, it was very difficult after that to continue my career. And so when they named me in the suit, it was really the end of my career. Of the several hundred, if not thousands, of cases of insider trading over these years, there are only a handful of analysts that have been named, maybe three, in that time period. And so I've included my analysis. I have also included some errors in the SEC's submission to Judge Carter about my finances. In any case, I think that the SEC overstepped their jurisdiction, should have left it to Judge Shipp in New Jersey. None of these operations and alleged insider trading were done by me or in the state of New York. So you've reserved some time for rebuttal, Mr. Govender. And so we'll hear from the lawyer for the SEC, and then we'll come back to you.  Mr. Alvarez. Good morning, Your Honors. May it please the Court. Paul Alvarez for the Securities and Exchange Commission. Your Honors, as the commission has set forth in its brief, Mr. Govender's challenges to the consent judgment below are not properly before this Court, and in any event are without merit. I know he mentioned coercion, but I would point this Court to JA 67, Mr. Govender's consent agreement, in which he stated that he entered into this consent voluntarily, and represents that no threats, offers, promises, or inducements of any kind have been made by the commission. Furthermore, with regard to the district court's civil penalty determination, that was a reasonable exercise of the court's broad discretion in fashioning such remedies. And unless the court has any questions, the commission would ask that the district court's judgment against Mr. Govender be affirmed. Well, when you say affirmed, you said that we don't— So usually that would mean dismissed. Sure. I'm sorry, Your Honor. I apologize. Dismissed. Yes. And with respect to the civil penalties issue, affirmed? Yes. Yes, sir. Okay. Thank you, Mr. Govender. Thank you. So, Mr. Govender, you heard the lawyer from the SEC reference a particular paragraph in that consent judgment that says you were not coerced and, you know, no one put anything to your head. The SEC has continued to coerce me. In 2019, I was trading a name, public name. I happened to know somebody on the board. They did an investigation and threatened them for a complaint against me. It went nowhere. It really, in terms of the SEC's far-reaching power and the ability to state facts that are not facts, has dismayed me. I mean, now it's been eight years. It's been 10 years next year. That's 50 percent of my career, over 20 percent of my life. And the SEC—yes, I did sign it, Your Honor, and it was a mistake. And, you know, I think that under no negotiation or challenge to that consent degree by my lawyers, even though I didn't want to sign it, they asked me to sign it. So I think that the SEC has gotten their fair share. If I was guilty of anything, it's to be associated with some bad people who went to jail. They were fined $55,000. The SEC, by maneuvering out of New Jersey into Southern District, the very—I haven't heard of anybody doing that. I haven't found any cases of where they—where a judge terminated the case and they refiled somewhere because somebody who was affiliated, not named in any other case criminally, to file a civil case in the Southern District. They continue to monitor me. They continue to coerce me, especially on this trading where I knew somebody there. And the only reason I know is because this individual was on the board, was a friend I went to college with, and we're on the same community service organization. So—and I just want to say one more thing. If there were any insider trading, you know, I didn't hear about it. I was never named. Newman was from this particular court in 2014, and none of—all those cases were dropped. And, you know, my case was, you know, somehow brought about. It's not all the cases that were dropped. Not all, but a lot of them were. Thank you very much. None were brought back. Yeah. Thank you very much. We'll reserve a decision, which just means that you'll get a decision from us at some point after today. Thank you for your time. Thank you, Mr. Alvarez. We'll—I believe that that concludes today's argument calendar. And I'll ask the courtroom deputy to adjourn the court. Thank you. Court is adjourned. Court is adjourned.